UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

GEORGE LAPORTE,                    )
                                   )
            Plaintiff,             )
                                   )    No. 12 C 9543
      v.                           )
                                   )    Judge George M. Marovich
                                   )
BUREAU VERITAS                     )
NORTH AMERICA INC.,                )
                                   )
            Defendant.             )

## MEMORANDUM OPINION AND ORDER

Plaintiff George LaPorte has filed a motion to strike six of defendant's eight affirmative defenses. For the reasons set forth below, the Court denies the motion.

**I.     Background**

LaPorte filed a four-count complaint in which he alleged that defendant Bureau Veritas North America Inc. ("Bureau") discriminated against him in violation of the Americans With Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA") and the Age Discrimination in Employment Act ("ADEA"). In its answer, Bureau asserted eight affirmative defenses, including, as its fourth affirmative defense, that "Plaintiff's claim for liquidated damages under the FMLA is barred because Defendant acted in good faith and Defendant had reasonable grounds to believe that its actions were not in violation of the FMLA."

**II.    Discussion**

### A. Pleading standard for affirmative defenses

The Court often receives motions to strike affirmative defenses on the grounds that a defendant has not followed the correct pleading standard by not including enough facts to make the affirmative defense plausible. Plaintiff makes that argument here with respect to six (defendant's first, second, third, fourth, sixth and eighth) affirmative defenses.

Although a number of district courts agree with plaintiff's position, this Court disagrees. This Court is among the courts that have declined to extend the pleading requirements of *Twombly* and *Iqbal* to affirmative defenses (*see Leon v. Jacobson Transportation Co., Inc.*, Case No. 10 C 4939, 2010 WL 4810600 (N.D. Ill. Nov. 19, 2010)) and will continue to be unless the Seventh Circuit or the Supreme Court rules differently.

In *Bell Atlantic v. Twombly*, the Supreme Court considered and explained the standard under the Federal Rules of Civil Procedure for pleading claims. It said that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When pleading claims, a plaintiff need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 679 (2009). Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Bell Atlantic*, 127 S.Ct. at 1974. This standard for pleading claims does not, in this Court's opinion, apply to affirmative defenses.

The primary reason that this Court will not require defendants to plead affirmative defenses with enough facts to make them plausible is that the language of the rule that sets the standard for pleading *claims* is different from the language of the rule that sets the standard for pleading *affirmative defenses*. Rule 8(a)(2), which applies to claims, states that "a claim for relief must contain: . . . (2) a short and plain statement of the claim *showing that the pleading is entitled to relief*." Fed.R.Civ.P. 8(a)(2) (emphasis added). The Supreme Court relied on that italicized language when it decided *Bell Atlantic*. *Bell Atlantic*, 550 U.S. 544, 555 (2007) ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'").

The rule for pleading affirmative defenses, on the other hand, does not require a "showing that the pleader is entitled to relief." Instead, the Federal Rules of Civil Procedure states that the answering party "must: (A) state in short and plain terms its defenses to each claim asserted against it." Fed.R.Civ.P. 8(b)(1)(A). Rule 8(b)(1)(A) contains no requirement that the pleader show that its affirmative defenses have merit. The rule requires merely a short and plain statement of what the affirmative defense is.

In addition to the plain language of the Federal Rules, the Court has several other reasons why it does not require that affirmative defenses be stated with sufficient facts so as to be plausible. As this Court has said before:

> this Court respectfully disagrees with the proposition that a defendant must include sufficient factual allegations in affirmative defenses to make them plausible. First, the driving force behind *Twombly* and *Iqbal* was to make it more difficult to use a bare-bones complaint to open the gates to expensive discovery and force an extortionate settlement. The point was to reduce nuisance suits filed solely to obtain a nuisance settlement. The Court, though, has never once lost sleep worrying about defendants filing nuisance affirmative defenses and considers the risk that defendants would file nuisance defenses sufficiently small so as not to warrant extending *Twombly* and *Iqbal*. Second, a plaintiff has the length of the statute of limitations to investigate claims and ensure that it has sufficient facts to state a plausible claim. A defendant, on the other hand, has only twenty [one] days to file an answer. Third, the Court would like to avoid having to rule on multiple motions to amend the answer during the course of discovery as the defendant obtains additional information that would support those affirmative defenses (such as mitigation of damages) that defendant has no practical way of investigating before discovery. The Court would also like to avoid the discovery disputes that would inevitably develop as a defendant seeks discovery related to affirmative defenses it had not stated in its answer. It is to everyone's benefit to have defendant plead its affirmative defenses early, even if defendant does not have detailed facts. Thus, the Court will not strike any affirmative defenses for not having enough detail or for being speculative.

*Leon v. Jacobson Transportation Co. Inc.*, case no. 10 C 4939, 2010 WL 4810600 at *1 (N.D. Ill. Nov. 19, 2010). Accordingly, the Court does not agree with plaintiff's assertion that defendant's affirmative defenses failed to meet the pleading standard and will not strike the affirmative defenses on that basis.

Plaintiff has another reason for wanting to strike defendant's fourth affirmative defense. Plaintiff argues that by asserting that it acted in good faith, defendant is merely denying plaintiff's claim rather than asserting a true affirmative defense. The Court disagrees. Defendant has asserted an affirmative defense, not merely repeated a denial. 29 U.S.C. §

2617(a)(1)(A)(iii) ("if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability . . .").

## III. Conclusion

For the reasons set forth above, the Court denies plaintiff's motion to strike defendant's affirmative defenses.

ENTER:

George M. Marovich
United States District Judge

DATED: January 18, 2013